UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD OATIS | CIVIL ACTION |
| VERSUS | NO. 09-3267 |
| DIAMOND OFFSHORE MANAGEMENT COMPANY | SECTION "N" (2) |

**ORDER AND REASONS**

Before the Court is the Motion to Exclude or Limit Expert Testimony and Report of Paul Richard (Rec. Doc. 24), filed by Defendant Diamond Offshore Management Company ("Diamond"). The motion is opposed. (See Rec. Doc. 32). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

**I. BACKGROUND**

Plaintiff, Donald Oatis, is a seaman who was allegedly injured while working on the mobile offshore drilling unit, the Ocean Drake, on February 5, 2008. The accident occurred while Oatis was offloading pipe from a boat onto a pipe rack. Oatis was allegedly injured when the crane operator swung a load of pipe, causing him to back up and fall four feet onto a metal basket below the pipe rack.

Oatis seeks to introduce the testimony of Paul Richard, an expert in offshore crane

operations.[1] In his expert report, Richard cites certain of Diamond's job safety policies and similar government regulations relating to safety, and offers opinions as to how certain employees failed to comply with those policies, including failing to appoint a signal person, failing to furnish a job safety analysis, and failure to ensure that Diamond employee's were in compliance with such safety regulations. (Exhibit 1 to Rec. Doc. 24). He also opines that Oatis in no way caused or contributed to the accident. (*Id.*). In the instant motion, Diamond seeks to exclude or limit Richard's testimony and report.

## II. LAW AND ANALYSIS

Federal Rule of Evidence 702 governs the admissibility of expert testimony, and provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise. Fed. R. Evid. 702. According to the Advisory Committee notes to Rule 702, "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." As the Fifth Circuit has recognized, testimony should be excluded when, "the jury could adeptly assess [the situation] using only their common experience and knowledge." *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 ( 5th Cir. 1990).

In *Peters*, the plaintiff was injured while unloading machinery on an offshore supply vessel. The Court found that expert testimony was unnecessary for a jury to assess whether it was reasonable for the plaintiff's employer to instruct employees to move equipment manually during heavy seas, whether cargo was properly stowed, and whether diesel fuel made the deck of the boat

---

[1] Although perhaps permissible testimony from this expert, the description of proper crane and/or loading operations under these circumstances is not an opinion offered in his report.

slippery. *Id.* at 449-450. Similarly, in *Williams v. Eckstein Marine Services*,1992 WL 373616 at *1 (E.D. La.), Judge McNamara ruled that reports merely containing an "expert's" appreciation of the facts and their conclusion as to what the law ought to be, as far as "fixing responsibility for the accident" are inadmissible because such common sense issues do not assist the jury. Likewise, in *Bouton v. Kim Susan, Inc.*,1997 WL 61450 at *2 (E.D. La.), Judge Vance excluded an expert's testimony regarding whether the employer provided a clean, safe workplace and whether an employer violated federal regulations and safety requirements when the plaintiff fell while unloading pipe. Conversely, the Fifth Circuit reversed the trial judge's decision to exclude expert testimony in *Smith v. United States Gas Pipeline Co.*, 857 F.2d 1471 (5th Cir. 1988), because in that case, the jury was asked determine the reasonableness of using a ship's crane equipped with a "headache ball" and a shackle without a "tag line" while the two ships were stern-to-stern in rough seas, taking into account the backwash caused by both vessels's propellers. The Court found the trial judge abused his discretion by excluding the relevant expert testimony because the confluence of these factors and their relationship to the reasonableness of the defendants' decisions was not within the realm of the average juror's knowledge and experience. *Id.* Therefore, this Court's principal inquiry is whether the expert testimony at issue contains conclusions based on common sense, or rather, explication of technical issues which will assist in the jury's appreciation of the operative facts at issue in this case.

Plaintiff seeks to admit Richard's testimony regarding whether the violation of work safety guidelines contributed to Oatis' injuries. The relevant conclusions in Richard's report involve an understanding of job safety regulations, whether these regulations were violated, and whether those violations led to Oatis' injuries. Diamond urges that such conclusions are within the common sense

3

understanding of the average juror.

As in *Bouton* matter, this Court finds that *Daubert* is inapposite to this matter. *Daubert* concerns standards for the reliability of scientific expert testimony, while this case involves a challenge to the very need for expert testimony. Accordingly, a discussion of whether Richard's testimony will satisfy the standards set forth in *Daubert* is unnecessary. Such an analysis is only required once a court has determined that the expert testimony involves a discussion of issues outside the trier of fact's common sense understanding of the relevant issues. Here, the Court concludes that the jury is capable of understanding Diamond's job safety policies and whether the policies were violated; thus, Richard's testimony shall be excluded.

Considering the foregoing, **IT IS ORDERED** that the **Motion to Exclude or Limit Expert Testimony and Report of Paul Richard (Rec. Doc. 24)** is **GRANTED**.

New Orleans, Louisiana, this 12th day of March, 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**